**Steven D. ROLLINS, Appellant**
**(Defendant Below),**

v.

**AMERICAN STATE BANK, Appellee**
**(Plaintiff Below).**

No. 4-685A152.

Court of Appeals of Indiana,
Third District.

Jan. 23, 1986.

Rehearing Denied March 31, 1986.

Kevin L. Likes, Grimm & Grimm, P.C., Auburn, for appellant (defendant below).

Robert Kirsch, Heckner & Kirsch, Ligonier, for appellee (plaintiff below).

HOFFMAN, Judge.

Pursuant to Ind.Rules of Procedure, Appellate Rule 4(B)(6), defendant-appellant Steven D. Rollins brings an interlocutory appeal based upon the trial court's denial of his motion for summary judgment. The trial court certified three issues for review.

The evidence pertinent to this appeal discloses that Rollins was hired by American Insurance Agency (American), a wholly owned subsidiary of American State Bank, in August 1971. Approximately six months later, along with tax and insurance forms, Rollins was asked to sign a noncompetition agreement. After expressing some reservations, Rollins signed the document. At the time Rollins signed the agreement, and during his ten years of employment with American, he was an employee at will.

In a deposition, Rollins claimed that he was presented with the choices of signing the agreement or losing his job. The document contained a provision whereby American agreed to employ Rollins in exchange for his agreement not to compete in the specified manner.

After Rollins was terminated by American, he engaged in the insurance business for another company within the area and time restrictions contained within the noncompetition agreement. Rollins then opened an insurance business with a partner. Rollins continued to work in the same general area as that restricted by the agreement and actively solicited American clients. American brought suit alleging breach of the agreement. Rollins moved for summary judgment which was denied. This interlocutory appeal ensued.

A party moving for summary judgment has the burden of establishing that no material facts are at issue, and all doubts and inferences must be resolved in favor of the non-moving party. Ind.Rules of Procedure, Trial Rule 56; *Dedelow v. Rudd Equipment Corp.* (1984), Ind.App., 469 N.E.2d 1206.

Consequently, summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Dedelow, supra.*

■ The first issue certified by the trial court is whether continued employment in an at will employment position constitutes consideration to Rollins for signing the agreement not to compete. Our Supreme Court addressed a similar issue in *Leatherman v. Management Advisors, Inc.* (1983), Ind., 448 N.E.2d 1048, 1050. In *Leatherman,* the employee executed an employment contract for an indefinite period of time which contained a non-competition clause. Under Indiana law, an employment contract for an indefinite period of time constitutes employment at will. *Campbell v. Eli Lilly & Co.* (1980), Ind.App., 413 N.E.2d 1054, 1060. The Court in *Leatherman* upheld a preliminary injunction against the employee, and quoting from 1 W. Jaeger, Williston on Contracts § 137A at 594–95 (3rd ed.1967), noted that

> " '[A] promise to employ will support a promise to work and to refrain from engaging in a competing business.' "

In the present case, as in *Leatherman,* Rollins was not guaranteed employment for any specified length of time. The agreement signed by Rollins contained a provision that American agreed to employ Rollins in exchange for his agreement not to compete in the event of termination. Rollins continued to work for American for ten years before he was terminated. The trial court properly refused summary judgment against American on issue one.

■ The second certified issue is whether American possessed an interest which could be protected by the non-competition agreement. Our Supreme Court has determined that "the business advantage which may attend a saleman's close contact with a customer is a protected interest sufficient to justify an employer's non-competition restriction." *Licocci v. Cardinal Associates, Inc.* (1983), Ind., 445 N.E.2d 556, 563.

In the present case Rollins serviced insurance policies for American in certain geographical areas. Rollins was in a position to gain the customers' trust. To a great degree, American relies upon repeat business from customers who renew policies upon the expiration of old policies. *See, Licocci, supra.* Rollins admitted in his deposition that he actively solicited customers of American. While he claimed not to have taken any records with him when he left American's employ, Rollins admitted that he remembered many customers' needs and the approximate expiration dates of their policies. Thus, the trial court did not err in refusing summary judgment on issue two.

■ The final issue certified to this Court is whether the restrictions contained within the non-competition agreement were reasonable. Stripped to its basics, the agreement prohibited Rollins from engaging in the insurance business in several areas in which American conducted business, for a period of five years. Additionally, Rollins agreed not to solicit renewals or to divulge names and addresses of American customers.

Area restrictions in non-competition agreements are generally considered reasonable " 'if limited to the area in which operation of the employee's activity was related to the good will of the employer's business.' " *McCart v. H & R Block, Inc.* (1984), Ind.App., 470 N.E.2d 756, 764 quoting *Donahue v. Permacel Tape Corp.* (1955), 234 Ind. 398, 406–407, 127 N.E.2d 235, 238. Reasonableness of the agreement depends upon a number of factors: the protected interest; time; area; and the proscribed activity. *McCart, supra.* Here there can be no finding that as a matter of law American did not have a protected interest or that the time, area, and proscribed

activities were unreasonable. The trial court properly refused Rollins' motion for summary judgment as to the third issue.

The trial court's denial of summary judgment is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.