Connie JEURISSEN and Judy Consoer,
Plaintiffs–Appellants,

v.

AMISUB, INC., d/b/a Culver Union
Hospital, Defendant–Appellee.

No. 54A01–8911–CV–446.

Court of Appeals of Indiana,
First District.

May 22, 1990.

Gregory H. Miller, Wernle, Ristine & Ayres, Crawfordsville, for plaintiffs-appellants.

John S. Capper IV, Berry, Capper & Tulley, Crawfordsville, for defendant-appellee.

ROBERTSON, Judge.

The plaintiffs-appellants Connie Jeurissen and Judy Consoer separately filed their notice of claim in the Montgomery County Court seeking payment of a bonus, statutory damages and attorney's fees. After a bench trial, judgment was rendered in favor of Jeurissen and Consoer for the amount of the bonus only. The defendant-appelleé Amisub, Inc., d/b/a Culver Union Hospital (Hospital), had been the former employer of Jeurissen and Consoer who were nurses.

The two causes were consolidated for the purpose of filing a motion to correct errors which was denied. The appeal was taken with the issue being stated as:

> Whether [Juerissen's and Consoer's] claims for their Hospital Initiatives–Employee Rewards (HIER) money are actionable under Indiana's Wage Statute such that the judgments below against the defendant-hospital are inadequate by lack of liquidated damages and attorney's fees as required by IND. CODE 22–2–5–2.

A summary of the facts viewed in a light favorable to the judgment shows that Juerissen and Consoer were full-time employees of the hospital between March 1 and August 31, 1988. The HIER plan had been instituted as an incentive for employees and was geared to the financial success of the Hospital and the quality of health care services provided to patients. The employees could earn up to an additional three percent of their regular earnings depending upon how well the Hospital performed. The additional compensation was payable in a lump sum at the close of the six-month period ending on August 31st. The HIER money was distributed to qualified employees in December, 1988. When Juerissen and Consoer requested their money they were refused because both left their employment in September without giving the required two-week written notice of resignation.

The trial court's judgment makes it obvious that they were entitled to the HIER money and that question is not present in this appeal.

The statutory damages and attorney's fees sought by Juerissen and Consoer are authorized in certain circumstances by I.C. 22-2-5-2. Recovery under I.C. 22-2-5-2 is contingent upon the violation of I.C. 22-2-5-1 which requires the payment of wages semi-monthly. In reality, the issue hinges on whether the HIER money constitutes wages as contemplated by these statutes.

The argument presented in support of the issue is that the HIER compensation is additional compensation earned by an employee which is job-dependent and available to all employees on an equal basis. The primary authorities relied upon for this proposition are suspect. First, *Fardy v. Physicians Health Rehabilitation Services, Inc.* (1988), Ind.App., 529 N.E.2d 879, does not base its decision on wages within the context of I.C. 22-2-5-1. It appears there was no contesting of the fact that the compensation there involved was wages and salaries. Next, in both *Baesler's Super-Valu v. Bender* (1986), Ind.App., 500 N.E.2d 243, and *Die & Mold, Inc. v. Western* (1983), Ind.App., 448 N.E.2d 44, it was determined that vacation pay was deferred compensation in lieu of wages and subject to the provisions of I.C. 22-2-5-2.

A definition of "wages" as used within the context of I.C. 22-2-5-1 is contained in *Wilson v. Montgomery Ward, Inc.* (N.D. Ind.,1985), 610 F.Supp. 1035 at 1038:

> ... something akin to the wages paid on a regular periodic basis for regular work done by the employee—the paycheck which compensates for the work done in the previous two weeks.

We are of the opinion that that definition is appropriate under the facts of this case with the result being that the HIER compensation was, as stated in the proof of claim and determined by the trial court, a bonus. Under the facts of this case the HIER plan is the "something extra" referred to in *Wilson*, in that it was payment which depended on the performance of the hospital in two specific areas and was not tied to regular work done on a periodic basis by an employee which would have been payable, if requested, on a twice monthly basis.

Having concluded that the threshold requirement for the application of I.C. 22-2-5-1 was not met, there was no error by the trial court in failing to award statutory damages and attorney's fees. Additionally, the remainder of the several arguments made by Juerissen and Consoer are not material to the appeal.

Judgment affirmed.

BAKER, J., and RATLIFF, C.J., concur.