Timothy **HERREMANS**, Plaintiff,

v.

**CARRERA DESIGNS, INC.**, Defendant.

No. 396CV0862 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

Dec. 19, 1997.

David P. Taylor, Edwardsburg, MI, for Timothy Herremans, plaintiff.

R. Michael Parker, Barnes and Thornburg, Elkhart, Tracy D. Knox, Barnes and Thornburg, Indianapolis, IN, for Carrera Designs, Inc., defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

This cause is before the Court on Plaintiff's Motion for Relief From Judgment Based on Clerical Error pursuant to Federal Rule of Civil Procedure 60(a). 28 U.S.C.A. This rule provides:

(a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

■ The motion filed by the plaintiff on January 13, 1998, explicitly invokes Federal Rule 60(a) and not Rule 59. There is a substantial difference. The burden in Rule 60 is significantly heavier and has not been here sustained. This plaintiff is hard pressed to make a clerical error argument, because there is none. His Rule 60 motion is simply an expression of disagreement with the reasoning and result reflected in this Court's Memorandum of December 15, 1997.

In deciding whether Rule 60(a) applies, the Court must distinguish "between changes that implement the result intended by the Court at the time the order was entered and changes that alter the original meaning to correct a legal or factual error." *Wesco Products Co. v. Alloy Automotive Co.,* 880 F.2d 981, 984 (7th Cir.1989), *reh'g denied.* Rule 60(a) allows for the former but not the latter. *Kokomo Tube Co. v. Dayton Equip.*

*Serv. Co.,* 123 F.3d 616 (7th Cir.1997). The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court changes its mind. *Harman v. Harper,* 7 F.3d 1455 (9th Cir.1993), *cert. denied,* 513 U.S. 814, 115 S.Ct. 68, 130 L.Ed.2d 24 (1994). In the present case, no 'blunder in execution' exists. Plaintiff is essentially asking this Court to change its mind, therefore Rule 60(a) is inapplicable.

This Court's Memorandum and Order of December 15, 1997 is clear. Plaintiff is not entitled to any relief under either Counts II or III. The Court determined that the amount Herremans claimed was due him was strictly a bonus and accordingly was not covered by the Indiana Wage Statute. Additionally, the Court found that Herremans had received payment of his bonus for 1995, and that any alleged oral agreement for additional monies was invalid. Furthermore, the Court found that Herremans was not entitled to a *pro rata* share of any 1996 profits. Accordingly, the Court determined that there were no issues of fact remaining as to any allegations in Counts II and III and dismissed both counts in their entirety. The only amount contested and surviving summary judgment was well below the jurisdictionally required $50,000 and the Court properly dismissed the remaining claim for lack of jurisdiction.

## CONCLUSION

This Court will not revisit and re-analyze the issues in this case. All issues were properly decided and set forth pursuant to this Court's Memorandum and Order of December 15, 1997. Accordingly, Plaintiff's Motion for Relief From Judgment is hereby **DENIED.**

IT IS SO ORDERED.

## MEMORANDUM AND ORDER

This cause is before the Court on Defendant's Partial Motion for Summary Judgment and Motion to Dismiss for Lack of Subject Matter Jurisdiction.[1]

---

**1.** In plaintiff's response to defendant's motion, Herremans included a motion for summary judgment. The cut-off for filing dispositive motions

set by this court was September 2, 1997. Herremans' motion was filed September 26, 1997 and

## I. BACKGROUND

Plaintiff, Timothy Herremans (Herremans), was employed by defendant Carrera Designs, Inc. (Carrera) from 1982 until November 4, 1996 when he was involuntarily terminated. From 1986 until his termination Herremans held the position of Plant Manager of Carrera's Paint Plant No. 2 (Plant No.2). While employed in this position his compensation consisted of a base salary and a yearly bonus. The bonus was computed as 40% of the year end, before tax profit produced by Plant No. 2. If the plant earned no profit Herremans received no bonus. Also, any bonus was typically paid during the first quarter of the following year and was often paid in more than one installment.

This dispute arises out of Herremans' termination and alleged wages still owing to him. Herremans alleges several violations of the Indiana Wage Statute[2] and pursuant to such, asks this court for double the amount of wages due him plus costs and fees.

Count I of Herremans' complaint charges Carrera with failure to compensate him for one week of unused paid vacation time. Since the filing this cause of action, Carrera has paid the amount owed. Thus, the only remaining issue is whether or not, due to Carrera's failure to pay within the time prescribed by the Indiana Wage Statute,[3] Herremans is entitled to double that amount along with costs and fees.

Count II deals with a dispute over Herremans' "wages" for 1995. Specifically, Herremans' alleges that Carrera failed to pay him the total bonus due to him for the 1995 calendar year. During 1995 Carrera earned $— in profit but had to write off $65,811.00 due to a "bad debt." Therefore, when the amount of the write-off was excluded from

the total profit and Herremans' bonus was computed, he was paid a smaller sum than he anticipated. He was, however, paid the full computed amount in early 1996. Herremans' claim stems from the fact that sometime in early 1996, the president of the company informally met with him to explain the write-off situation and at that time offered to pay Herremans an extra amount over a period of three years in order to "make up for" the unfortunate situation.[4] Unfortunately, Herremans was terminated in November of 1996. He had not received this extra share and now claims it was expressly due to him as "wages."

Count III is also a claim for alleged "wages" but is from the 1996 calendar year. Herremans claims he is entitled to his share of the 1996 profits from Plant No. 2. He argues that regardless of the fact that he was terminated in November, he worked hard and earned a profit for the plant during the months he was employed. He contends that he is at least entitled to a *pro rata* share of the 1996 profits earned.

## II. DISCUSSION

Carrera has filed this Motion for Summary Judgment as to counts II and III. Carrera contends that a bonus does not constitute "wages" under the Indiana statute. It further contends that the extra 1995 amount offered to Herremans was only payable if he remained employed with Carrera, and as such, if it was anything, it was a separate employment contract unrelated to the work done by Herremans.[5] Carrera also asserts that Herremans is not entitled to 1996 profits because he was not employed for the full year, and regardless, Plant No. 2 did not earn any profit that year. Additionally,

---

is therefore untimely. District courts expect parties to comply with deadlines that are set, and will not hesitate to strictly enforce them. *See Jones v. Coleman Co., Inc.*, 39 F.3d 749, 753 (7th Cir.1994); *Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263 (7th Cir.1992); *Bellanger v. Health Plan of Nevada, Inc.*, 814 F.Supp. 918 (D.Nev.1993). However, even if this Court were to consider Herremans' motion it would not affect the outcome here.

2. I.C. § 22–2–5–1 *et. seq.* (West's 1997).

3. This amount is a maximum of $2,500.00 plus costs and fees. The vacation pay in question was

allegedly paid to Herremans ten (10) or more days after the statutory deadline.

4. There is a disagreement regarding whether this extra bonus amount was contingent upon Herremans' continued employment with Carrera, but for reasons set forth *infra*, it is immaterial to the outcome here.

5. While neither party addresses the issue, it is important to note that if the offer was a separate contract it is void under the Statute of Frauds.

Carrera contends that if summary judgment is granted as to Counts II and III this Court does not have jurisdiction over the remaining claim because it fails to meet the requirements of 38 U.S.C. 1332.[6]

### A. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Russo v. Health, Welfare & Pension Fund, Local 705,* 984 F.2d 762 (7th Cir.1993). A thorough discussion of Rule 56 can be found in a trilogy of cases decided in 1986 by the Supreme Court of the United States.[7] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 56). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 920–21 (7th Cir.1994); *Hughes v. Joliet Correctional Ctr.,* 931 F.2d 425, 428 (7th Cir.1991), nor may that party rely upon conclusory allegations in affidavits. *Cusson–Cobb v. O'Lessker,* 953 F.2d 1079, 1081 (7th Cir.1992).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Smith v. Fruin,* 28 F.3d 646, 650 (7th Cir.1994), *cert. denied,* 513 U.S. 1083, 115 S.Ct. 735, 130 L.Ed.2d 638 (1995); *Brennan v. Daley,* 929 F.2d 346, 348 (7th Cir.1991), *reh'g denied,* 1993 WL 518446. Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson,* 477 U.S. at 252–55, 106 S.Ct. 2505. Accordingly, the Court now addresses the issues in the present case.

### B. Indiana Wage Statute

Herremans relies on the Indiana Wage Statute to support his claim against Carrera. It provides:

(a) Every person, firm corporation, limited liability company, or association, their trustees, lessees, or receivers appointed by

---

6. Section 1332 allows federal diversity jurisdiction only under certain circumstances. It provides in relevant part:

(a) The district courts shall have original jurisdiction of all civil cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between -

(1) Citizens of different states...

28 U.S.C. § 1332 (West's 1997).

The court notes that Carrera questions Herremans' pleading as it is based on a jurisdictional requirement of $50,000. Carrera incorrectly states that as of October 19, 1996 the jurisdictional requirement was $75,000. A careful reading of the newly amended statute makes it clear that although it was enacted in October 1996, the increased jurisdictional amount provision did not become effective until 90 days after enactment. Therefore, Herremans has correctly alleged the required amount in controversy.

7. The 1986 Supreme Court trilogy was later reexamined in *Eastman Kodak v. Image Technical Servs.,* 504 U.S. 451, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992), a case born in the context of antitrust law. The most that can be said for *Eastman Kodak,* however, is that it did not tinker with *Celotex* and *Anderson,* and possibly involves an attempt to clarify *Matsushita.* This view is well-supported by an in-depth academic analysis in Schwarzer, Hirsch, and Barrans, *The Analysis and Decision of Summary Judgment Motions,* 139 F.R.D. 441 (1992).

any court, doing business in Indiana, shall pay each employee at least semi-monthly or bi-weekly, if requested, the amount due the employee.

(b) Payment shall be made for all wages earned to a date not more than ten (10) days prior to the date of payment.

I.C. § 22–2–5–1(a) & (b) ( 1997). Section 2 of this statute contains a penalty provision which states:

Every such person, ... who shall fail to make payment of wages to any such employee as provided in section 1 of this chapter shall, as liquidated damages for such failure, pay to such employee for each day that the amount remains unpaid ten percent (10%) of the amount due to him in addition thereto, not exceeding double the amount of wages due ...

I.C. § 22–2–5–2.

### 1. Bonus/ Profit Sharing

■ Herremans' interpretation of I.C. § 22–2–5–2 is simply wrong. The controlling cases are correctly cited by Carrera.[8] See Wilson v. Montgomery Ward & Co., Inc., 610 F.Supp. 1035 (N.D.Ind.1985); Pyle v. National Wine & Spirits Corp., 637 N.E.2d 1298 (Ind.Ct.App.1994); Jeurissen v. Amisub, Inc., 554 N.E.2d 12 (Ind.Ct.App.1990), trans. denied. Moreover, the recent case of Phenicie v. Bossert Indus. Supply, Inc., 963 F.Supp. 747 (N.D.Ind.1996) makes it patently clear that the type of bonus Herremans alleges he is owed does not constitute wages and is therefore not covered by the statute.

In Phenicie, a branch manager sued under § 22–2–5–1 claiming that his "bonus" constituted "wages." The court found that because the bonus payment could not possibly be paid in the semi-monthly or bi-weekly intervals mandated by the statute, since it could not even be computed until the end of the defendant's fiscal year, the bonus money was not "wages" as that term is contemplated by § 22–2–5–1. 963 F.Supp. 747, 750. Furthermore, because the bonus was not tied to or calculated from Phenicie's salary or commissions (paid to him on a monthly basis), but instead was based on the company's

performance, the bonus was not a "wage." Id. The court specifically stated:

No doubt an effective branch manager would enhance his offices' chances of success. But the fact that Phenicie may have been a very effective manager, and that he was able to motivate the sales representative whom he supervised (whose own efforts must have certainly contributed to the success ... as Phenicie makes no claim of having mad all the sales himself) is not enough to support an argument that his bonus was "directly linked to work performed by Phenicie."

Id. at 751.

The facts in this case are very similar. Herremans claims his bonus was tied to work performed. However, Herremans was the manager of Plant No. 2. While he certainly assisted in its operation and in promoting business, he can hardly claim that he did all the work himself or that the success of the plant was entirely due to his management. Furthermore, Herremans' bonus could not possibly have been paid on a semi-monthly or bi-weekly interval as mandated by the statute. As in Phenicie, this bonus could not even be computed until the end of the Carrera's fiscal year. Therefore, this Court holds that Herremans' bonus is not a part of his "wages" and is not covered by the statute. Accordingly, Herremans is not entitled to the claimed amount for either 1995 or 1996 and is not entitled to any damages with respect to Counts II and III of his complaint.[9]

### 2. Vacation Pay

■ This leaves Count I remaining in Herremans' complaint. As Herremans correctly alleges, vacation pay does fall under the Indiana Wage Statute and is considered a part of "wages." See generally, Johnson v. Wiley, 613 N.E.2d 446, 450 (Ind.Ct.App. 1993); Rose Acre Farms, Inc. v. Cone, 492 N.E.2d 61 (Ind.Ct.App.1986); Licocci v. Cardinal Assoc., Inc., 492 N.E.2d 48 (Ind.Ct. App.1986). However, in the present case, the disputed vacation pay has been paid. All that remains is a determination of whether

---

8. Additionally, the Court notes that the majority of case law relied upon by Herremans is from other states an an ALR, none of which is controlling here.

9. This Court will not address the argument regarding whether a pro rata share of any 1996 bonus is due to Herremans because the issue is moot.

Carrera owes any additional monies to Herremans due to its failure to timely comply with the statute. The amount in controversy related to this claim falls far below the jurisdictional requirement of $50,000. Therefore, this court cannot and need not address this issue.

### III. CONCLUSION

For the foregoing reasons, Carrera's Motion for Partial Summary Judgment is hereby **GRANTED** as to Counts II and III of Herremans' complaint. In addition, this Court lacks jurisdiction over any remaining matters. Therefore, Carrera's Motion to Dismiss as to Count I of the complaint is also **GRANTED.**

IT IS SO ORDERED.