**Timothy HERREMANS,**
**Plaintiff–Appellant,**

v.

**CARRERA DESIGNS, INC.,**
**Defendant–Appellee.**

No. 98–1100.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 11, 1998.

Decided Oct. 20, 1998.

---

David P. Taylor (argued), Edwardsburg, MI, for Plaintiff–Appellant.

Tracy D. Knox (argued), Barnes & Thornburg, Elkhart, IN, for Defendant–Appellee.

Before POSNER, Chief Judge, and BAUER and EASTERBROOK, Circuit Judges.

POSNER, Chief Judge.

Timothy Herremans, the appellant in this diversity damages suit for breach of contract and violations of Indiana's wage payment statute, was employed by Carrera Designs (which paints recreational vehicles) as the manager of one of its plants. Until he was fired at the beginning of November of 1996, he received a salary plus a bonus equal to 45 percent of the plant's (calendar) year-end before-tax profits. His suit seeks, in three separate counts (ordinarily a meaningless detail, but not here, as we are about to see): (1) $2,500 in statutory double damages (see *Fardy v. Physicians Health Rehabilitation Services, Inc.*, 529 N.E.2d 879, 882 (Ind.App. 1988)) as a penalty for Carrera's failure to pay him vacation pay within 10 days of the accrual of his right to that pay, in violation of Indiana's wage payment act, Ind.Code § 22–2–5–2; (2) actual plus the statutory double damages—an aggregate of some $94,000—for a portion of his bonus for 1995 that he claims was due him but not paid, and in the alternative actual damages under Indiana's common law of contracts; and (3) actual plus statutory double damages of some $92,000 for unpaid bonus for the ten months that he worked in 1996 as plant manager before being fired, and again, in the alternative, actual damages under contract law. The district judge granted summary judgment for Carrera on the two bonus claims, and having done so he dismissed the entire suit on the ground that with those claims out of the case there was no federal diversity jurisdiction over the remaining claim—the claim for vacation-pay statutory damages of $2,500—because that amount is less than the minimum amount in controversy specified in the diversity statute ($50,000 when this suit was filed, $75,000 today). 28 U.S.C. § 1332(a).

The dismissal of the $2,500 claim was error regardless of the correctness or incorrectness of the judge's disposition of the other claims. The test for whether a case satisfies the amount in controversy requirement is whether the complaint makes a good-faith claim for the amount, *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Pace Communications, Inc. v. Moonlight Design, Inc.*, 31 F.3d 587, 591 (7th Cir.1994); *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir.1997), not whether the plaintiff is actually entitled to such an amount. Otherwise every diversity case that a plaintiff lost on the merits would be dismissed for lack of federal jurisdiction, allowing the plaintiff to start over in state court. *Ross v. Inter-Ocean Ins. Co.*, 693 F.2d 659, 663 (7th Cir. 1982). There would be no merits decisions for defendants in diversity cases and no finality when defendants won. And if losing an entire case does not deprive the district court of jurisdiction, neither does losing part of it. The diversity statute confers federal jurisdiction over "civil actions" satisfying the required minimum amount in controversy, 28 U.S.C. § 1332(a), not over counts, thus permitting the plaintiff to aggregate the stakes in his separate claims or counts to come up to the minimum. *Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969); *Gardynski–Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir.1998); *Suber v. Chrysler Corp.*, *supra*, 104 F.3d at 588. The district judge could not have believed in his heart of hearts that the law is otherwise, for if it were he would have had to dismiss the vacation-pay count before taking up the merits of the other counts, which he did not do.

It is true that *Shanaghan v. Cahill*, 58 F.3d 106 (4th Cir.1995), treats claims that fail to come up to the jurisdictional minimum as supplemental claims within the meaning of 28 U.S.C. § 1367, and so authorizes the district court in its discretion to relinquish jurisdiction over such claims to the state court if all the other claims in the case (whether federal-law claims or state-law claims that reach the jurisdictional minimum) fall out before trial. § 1367(c)(3). We doubt that the decision comports with the diversity statute and the cases that interpret it to permit aggregation of claims. But we need not try to resolve our doubt. Neither party has cited the decision or its principle (nor did the district court), and so the point is waived; and no basis appears for relieving the defendant of the consequences of the waiver. See *Sullivan v. Conway*, 157 F.3d 1092, 1095 (7th Cir.1998), and cases cited there. The dismissal of Count I must therefore be vacated and that part of the case returned to the district court for decision on the merits; now let us turn to the bonus counts.

We agree with the district judge that Herremans' claims for bonus do not come within the reach of the wage payment statute. The statutory term is "wages," defined in another part of the statute as "all amounts at which the labor or service rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or in any other method of calculating such amount." Ind.Code § 22–2–9–1(b); *Licocci v. Cardinal Associates, Inc.*, 492 N.E.2d 48, 55 (Ind.App.1986). Wages so defined include vacation pay, the subject of Count I, *Baesler's Super–Valu v. Indiana Commissioner of Labor*, 500 N.E.2d 243, 248–49 (Ind.App.1986); *Die & Mold, Inc. v. Western*, 448 N.E.2d 44, 48 (Ind.App.1983), and salesmen's commissions, *Licocci v. Cardinal Associates, Inc.*, *supra*, 492 N.E.2d at 56, to which Herremans analogizes his bonus. It was not to be based on his own time or effort or product, however as in *Gurnik v. Lee*, 587 N.E.2d 706, 709 (Ind.App.1992), but on the profits of his plant. Profits are not wages, and neither is a fraction of profits wages; and so a bonus that is based on the performance of a plant rather than on the time or determinable output of the employee is not wages either. *Pyle v. National Wine & Spirits Corp.*, 637 N.E.2d 1298, 1300–01 (Ind.App.1994); *Jeurissen v. Amisub, Inc.*, 554 N.E.2d 12 (Ind.App.1990). Herremans' lawyer conceded at argument that if the plant his client had been managing had burned down through no fault of his and as a result generated no profits for the year, he would not have been entitled to any bonus. The fact, moreover, that his entitlement was to a share of *annual* profits counts heavily against his statutory claim, in view of the

statutory requirement that wages be paid within 10 days of their accrual. Ordinarily it would take weeks to determine a plant's profits for the year just ended. To impose punitive damages on the employer for failing to pay an amount of compensation that could not be computed in time to avoid the penalty would be absurd.

■ This does not end the case, because Herremans argues that even if he is not entitled to the damages prescribed by the wage payment law, he is entitled to his actual damages for breach of a contractual entitlement to the bonuses. His bonus for 1995 was depressed by the failure of a major customer of the plant to pay its bills—thus underscoring our point that Herremans' entitlement to bonus did not depend on just his own time and effort and product. Carerra decided that since the failure was not Herremans' fault, the company would, though not contractually obligated to do so, pay him the additional bonus that he would have earned had it not been for the customer's default. It promised to pay him the additional bonus in three equal annual installments and the promise was supported by consideration—Herremans' promise to continue working for Carrera.

■ Carrera argues that since, as the record shows, Herremans intended to work for Carrera until his retirement, which was not due within the next three years, he gave up nothing by agreeing to continue working. But consideration is a formal rather than substantive requirement of the law of contracts. A promise is supported by consideration if it is formally conditioned on a promise by the promisee, even if the promisor would have carried out the promised undertaking without a reciprocal promise. E. Allan Farnsworth, *Farnsworth on Contracts* § 2.10 (3d ed.1999); *Restatement (Second) of Contracts* § 71, illustration 1 (1979). If X promises to go to work for Y, a successful investment advisor, at a salary of $40,000 a year, Y's reciprocal promise of that salary is enforceable without inquiry into whether X, who let us say is independently wealthy, would have agreed to work for Y without any pay at all, perhaps for the experience or because he likes Y. To allow promisors' motives to be dissected would disserve an important purpose of contract law—to minimize the occasions on which parties to contracts must submit themselves to the vagaries of juries. E.g., *PMC, Inc. v. Sherwin–Williams Co.*, 151 F.3d 610, 614 (7th Cir. 1998); *McElroy v. B.F. Goodrich Co.*, 73 F.3d 722, 727 (7th Cir.1996).

It is not as if Herremans had been contractually obligated to remain in Carrera's employ; in that event, the promise of the bonus in exchange for his agreeing to stay on would have been a modification of the contract unsupported by consideration and so unenforceable. E.g., *Hamlin v. Steward*, 622 N.E.2d 535, 539 (Ind.App.1993); *United States v. Stump Home Specialties Mfg., Inc.*, 905 F.2d 1117, 1121–22 (7th Cir.1990); *Alaska Packers' Ass'n v. Domenico*, 117 F. 99, 102–04 (9th Cir.1902). His contract was one of employment at will; he was free to quit at any time; and his giving up that right in exchange for the promise of a bonus was consideration for that promise, *Leatherman v. Management Advisors, Inc.*, 448 N.E.2d 1048, 1050 (Ind.1983); see also *Ackerman v. Kimball Int'l, Inc.*, 652 N.E.2d 507, 509 (Ind. 1995); *Rollins v. American State Bank*, 487 N.E.2d 842, 843 (Ind.App.1986), even if, as in our earlier example, he would have stayed on anyway.

■ The district judge did not question the existence of consideration for Carrera's promise to pay additional bonus in annual installments. But he ruled that enforcement was barred by the Indiana statute of frauds, which renders unenforceable contracts that cannot be completely performed within a year. Ind.Code § 32–2–1–1 Fifth; *Wior v. Anchor Industries, Inc.*, 669 N.E.2d 172, 175 (Ind.1996); *Montgomery Ward & Co. v. Guignet*, 112 Ind.App. 661, 45 N.E.2d 337, 341 (1942) (en banc). He did this even though Carrera had not asserted the defense of the statute of frauds in its answer (as required, Fed. R. Civ. P. 8(c), 12(b); compare 12(h)(2), (3)) or otherwise. By its silence, however, Carrera had forfeited that defense under the principles of procedural waiver or forfeiture enforced in the federal courts, e.g., *Illinois Conference of Teamsters & Employers Welfare Fund v. Steve Gilbert Trucking*, 71 F.3d 1361, 1365 (7th Cir.1995); 5 Charles Alan Wright & Arthur R. Miller, *Federal*

Practice and Procedure § 1278, pp. 477–505 (2d ed.1990); and in general (a qualification we are about to explain) it is those principles, not state-law principles, which, like other procedural rules, e.g., *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996); *Hanna v. Plumer*, 380 U.S. 460, 465, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Mayer v. Gary Partners & Co.*, 29 F.3d 330, 332–34 (7th Cir. 1994), govern federal litigation even when the basis of federal jurisdiction is diversity of citizenship. *Metfirst Financial Co. v. Price*, 991 F.2d 414, 415 (7th Cir.1993).

■ There is an exception for cases in which the application of the federal rule would interfere with substantial state interests, *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1085–86 (3d Cir.1991); see generally *Gasperini v. Center for Humanities, Inc., supra*, 518 U.S. at 428, and the exception is more likely to be applicable when the state waiver rule is limited to some particular body of substantive law and is therefore more likely to reflect state substantive policies than is a procedural rule of general applicability. The exception, however, turns out to hurt rather than help Carrera. For it is exemplified by the "mend the hold" doctrine, which happens to be a particularly severe, rather than relaxed, rule of waiver in contract cases. *National Hame & Chain Co. v. Robertson*, 90 Ind.App. 556, 161 N.E. 851, 853 (1928); *Horwitz–Matthews, Inc. v. City of Chicago*, 78 F.3d 1248, 1251–52 (7th Cir. 1996); *Harbor Ins. Co. v. Continental Bank Corp.*, 922 F.2d 357, 362–64 (7th Cir.1990); *Life Care Centers of America, Inc. v. Charles Town Associates Limited Partnership*, 79 F.3d 496, 508–09 (6th Cir.1996); Robert H. Sitkoff, Comment, "'Mend the Hold' and *Erie*: Why an Obscure Contracts Doctrine Should Control in Federal Diversity Cases," 65 *U. Chi. L. Rev.* 1059 (1998). The doctrine, intended as it is to discourage breaches of contract and thus to advance substantive state policy, prohibits a contract defendant without a good reason from adding defenses as the litigation unfolds, and it provides an additional ground for holding Carrera to its waiver of the statute of frauds.

■ The rule that forfeits an affirmative defense not pleaded in the answer (or by an earlier motion) is, we want to make clear, not to be applied rigidly. Often a change of circumstances will excuse a belated pleading of such a defense, as in our recent case of *Baltimore & Ohio Terminal R.R. v. Wisconsin Central Limited*, 154 F.3d 404, 408–09 (7th Cir.1998). Carrera offered no excuse here, and would have found it difficult to do so since at no time during the 13 months that the case was pending in the district court did it let out a peep about the statute of frauds, and as a result Herremans was deprived of an opportunity to conduct discovery that might have enabled him to rebut the defense. In these circumstances, the district judge abused his discretion in invoking the statute of frauds to dismiss Herremans' claim.

■ So the dismissal of Count II, the 1995 bonus claim, must be reversed also; and we come last to the claim in Count III for a share of the 1996 profits of the plant that Herremans ceased to manage at the beginning of November of that year. The district judge dismissed this count without even alluding to its common law as distinct from statutory component.

Read literally, the employment contract between Herremans and Carrera would have allowed Carrera, in order to deprive Herremans of a bonus, to fire him on December 30, 1996. But especially since the contract was oral and thus left much to implicit understandings, as in *C.L. Maddox, Inc. v. Coalfield Services, Inc.*, 51 F.3d 76, 80 (7th Cir. 1995), and *Milwaukee Auction Galleries, Ltd. v. Chalk*, 13 F.3d 1107, 1110 (7th Cir. 1994), it is possible that Carrera might be found to have implicitly promised not to discharge Herremans for the sole purpose of depriving him of the bonus that he had earned under the contract. *Stromberger v. 3M Co.*, 990 F.2d 974, 977–78 (7th Cir.1993); *LaScola v. U.S. Sprint Communications*, 946 F.2d 559, 566 (7th Cir.1991); *Jordan v. Duff & Phelps, Inc.*, 815 F.2d 429, 437–39 (7th Cir.1987); see also *Willsey v. Peoples Federal Savings & Loan Ass'n*, 529 N.E.2d 1199, 1208 (Ind.App.1988); *Virginia Vermiculite, Ltd. v. W.R. Grace & Co.*, 156 F.3d 535, 541–42 (4th Cir.1998); *Solomon v. North American Life & Casualty Ins. Co.*, 151 F.3d 1132,

1137 (9th Cir.1998); *Tymshare, Inc. v. Covell*, 727 F.2d 1145, 1154 (D.C.Cir.1984).

Even so, says, Carrera, the plant's profits for 1996 were zero, so Herremans is entitled to no bonus. But the record indicates that the plant was doing well in 1996 until Herremans was fired. If he was not fired for cause (an issue on which the record is opaque), and if the firing was in violation of an implied term of his employment contract and caused the loss of bonus that he would otherwise have earned, the principle that a person is not permitted to reap a legal benefit from his wrongful act would click in, and would bar Carrera from using the losses in the last two months to deprive Herremans of the bonus to which he was contractually entitled. In the law of contracts, the principle that no one is to be permitted to benefit from his wrongful act is a part of the doctrine of conditions and forbids a party to a contract to take an unjustified step to prevent the other party from performing his contractual undertaking and thus to precipitate that party into a breach. *Scott–Reitz Ltd. v. Rein Warsaw Associates*, 658 N.E.2d 98, 104 (Ind.App.1995); *Maddox v. Wright*, 489 N.E.2d 133, 137 (Ind.App.1986); Farnsworth, *supra*, § 8.6, pp. 544–45.

To summarize, the district court's judgment is affirmed insofar as it rejects the statutory claims in Counts II and III, but in all other respects is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion. Circuit Rule 36 shall apply on remand.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.