Diane CONNOLLY, Plaintiff,

v.

**VOLVO TRUCKS NORTH AMERICA, INC., Defendant.**

No. 02 C 2900.

United States District Court,
N.D. Illinois,
Eastern Division.

July 18, 2002.

James Paul Costello, James Paul Costello, Ltd., Chicago, IL, for plaintiff.

Wayne F. Plaza, Charles Anthony Lemoine, Rooks, Pitts & Poust, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff, Diane Connelly, Special Administrator of the Estate of her deceased husband, John Connolly ("decedent"), filed a three-count complaint in Illinois state court against defendant, Volvo Trucks North America, Inc., the manufacturer of the allegedly defective vehicle that caused decedent's death. Count I, brought under the Illinois Survival Act, seeks damages for the "pain and suffering and disability" suffered by decedent prior to his death. Count II, a wrongful death claim, seeks damages to compensate decedent's survivors for their pecuniary loss as a result of decedent's death. Count III, brought under the Family Expense Act, seeks damages to compensate plaintiff for the "necessary bills for medical, hospital, and funeral expenses" she was forced to incur as a result of decedent's death. Each of plaintiff's claims requests "a fair and reasonable sum in excess of ... $50,000." Defendant removed plaintiff's suit to this court, stating in its notice of removal that, "Upon information and belief, Plaintiff, in fact, seeks an amount in excess of $75,000 in damages in this lawsuit." Plaintiff has filed a motion to remand the instant suit back to Illinois state court. For the reasons explained below, plaintiff's motion is denied.

Plaintiff is correct that defendant has the burden of establishing that jurisdiction is proper in this court because the amount in controversy in the instant suit meets the

$75,000 requirement under 28 U.S.C. § 1332(a)(1). (The parties do not contest that diversity of citizenship exists between them.) The court disagrees with plaintiff's conclusion, however, that the instant case must be remanded because defendant failed to comply with Local Rule 81.2, which sets forth procedures governing removals and remands.

Local Rule 81.2 provides that when a plaintiff's complaint "does not contain an express *ad damnum* as to at least one claim asserted by at least one plaintiff, in an amount exceeding [$75,000] ... that is based on express allegations in that claim in conformity with that *ad damnum*," the defendant must comply with certain procedural requirements,[1] which the parties agree defendant did not comply with here. According to plaintiff, because none of her three claims, taken individually, contain an express *ad damnum* exceeding $75,000, defendant's failure to comply with one of the procedural requirements of Local Rule 81.2 is fatal to its removal attempt.

Plaintiff's argument overlooks the fact that in an appropriate case a plaintiff may aggregate her separate claims to meet the jurisdictional amount. In *Herremans v. Carrera Designs,* 157 F.3d 1118, 1121 (7th Cir.1998), the court held that, "The diversity statute confers federal jurisdiction over 'civil actions' satisfying the required minimum amount in controversy, 28 U.S.C. § 1332(a), not over counts, thus permitting [a] plaintiff to aggregate the stakes in ... separate claims or counts to come up to the minimum." And there is no danger that plaintiff's claims in the instant case are actually "one claim pleaded in the alternative under separate legal theories," which prohibited aggregation (and therefore the defendant's attempt to

remove) in *Holmes v. Boehringer Ingelheim Pharms., Inc.,* 158 F.Supp.2d 866 (N.D.Ill. 2001). In the instant case, unlike *Holmes,* plaintiff alleges three separate claims, each with its own asserted basis for damages. Thus, the court concludes that had plaintiff chosen to file the instant suit in this court instead of in Illinois state court, this court would have had original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because plaintiff's express *ad damnum* of $50,000 for each of her three independent claims could be aggregated to total $150,000.

What is good for the goose is—at least in this instance—good for the gander. If a plaintiff can properly aggregate the *ad damnums* in two or more of her claims to establish original jurisdiction in federal court, then the defendant in the same suit can do so to effectuate removal. The applicable portion of the federal removal statute provides that, "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Seventh Circuit has interpreted this statute to mean that "[r]emoval is proper over any action that could have originally been filed in federal court." *Chase v. Shop 'N Save Warehouse Foods,* 110 F.3d 424, 427 (7th Cir. 1997); *see also Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 366 (7th Cir.1993) (explaining that a defendant may remove a case from a state to federal court if federal jurisdiction exists); *Grubbs v. General Elec. Credit Corp.,* 405 U.S. 699, 702, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972) (same).

Thus, because plaintiff could aggregate the *ad damnums* on the face of her complaint to

---

1. When applicable, Local Rule 81.2 requires that the notice of removal include,

in addition to any other matters required by law: (1) a statement by each of the defendants previously served in the state court action that it is his, her or its good faith belief that the amount in controversy exceeds the jurisdictional amount; and (2) with respect to at least one plaintiff in the Illinois action, either—(A) a response by such plaintiff to an interrogatory or interrogatories ... as to the amount in controversy, either (i) stating that the damages

actually sought by that plaintiff exceed the jurisdictional amounts or (ii) declining to agree that the damage award to that plaintiff will in no event exceed the jurisdictional mount; or (B) an admission by such plaintiff in response to a request for admissions ... or a showing as to the deemed admission by such plaintiff by reason of plaintiff's failure to serve a timely denial to such a request ... in either event conforming to the statement or declination to agree described in subparagraph (2)(A) of this rule.

surpass the $75,000 amount in controversy requirement necessary to establish the court's original jurisdiction, defendant can do so as well to effectuate removal without having to follow the procedural requirements set forth in Local Rule 81.2. Defendant has met its burden of establishing that this court has jurisdiction over plaintiff's claims. Hence, plaintiff's motion to remand the instant case is denied.

This matter is set for a report on status on July 31, 2002, at 9:00 a.m.